# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DAVID GERARD JEEP, | ) |
| Plaintiff, | ) ) |
| v. | ) No. 4:09-CV-1907 CAS |
| MICHAEL DWYER, et al., | ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of David Jeep for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee.[1] As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable

---

[1]Because plaintiff is a prisoner, he would normally be required to submit a partial initial filing fee. However, he has no funds by which to assess such a fee.

right.  Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).  A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

### The Complaint

Plaintiff brings this action pursuant to Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971).  Plaintiff is currently a defendant in a criminal case pending before this Court, United States v. Jeep, 4:09-CR-659 CDP (E.D. Mo.).  In an apparent effort to disrupt or delay those proceedings, plaintiff brings this action against United States Magistrate Judge Terry I. Adelman, Assistant United States Attorney Raymond Meyer, and Assistant Federal Public Defender Michael Dwyer.  Plaintiff alleges that his right to a speedy trial has been violated.  He seeks monetary relief.

### Discussion

The complaint is frivolous as to defendants Adelman and Meyer because these defendants are immune from suit under these circumstances.  Penn v. United States, 335 F.3d 786, 789 (8th Cir. 2003) (judicial immunity); Brodnicki v. City of Omaha, 75 F.3d 1261, 1266 (8th Cir. 1996) (prosecutorial immunity).

Additionally, plaintiff may not directly sue the federal public defender; his sole remedy is a Federal Tort Claims Act ("FTCA") action against the United States.  See Sullivan v. United States, 21 F.3d 198, 203 (7th Cir.1994).  Plaintiff, however, does not allege that he presented his claim against defendant Dwyer to the appropriate judicial agency and that the claim was denied, a jurisdictional prerequisite to filing suit in United States District Court under the FTCA.  See 28 U.S.C. § 2675(a); Farmer's State Sav. Bank v. Farmers Home Admin., 866 F.2d 276, 277 (8th Cir. 1989).  Accordingly, plaintiff's claim against Dwyer will be dismissed for lack of jurisdiction.

Finally, the Court finds that this action was filed for an improper purpose. Plaintiff has an adequate opportunity to present his speedy trial argument in the criminal action, and the Court takes judicial notice of the fact that his counsel has extensively briefed the issue in the criminal action. In addition, if plaintiff does not prevail on the issue at the district court level, he will be able to present the issue to the United States Court of Appeals for the Eighth Circuit so long as he properly preserves it for appeal. Under these circumstances, the Court finds that plaintiff filed this action for the purpose of disrupting or delaying the criminal action proceeding against him and not for the purpose of vindicating a legal right. As a result, this action is malicious. Spencer, 656 F. Supp. at 461-63.

For these reasons, the Court will dismiss this action under 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [Doc. 2]

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

　　　　　　　　　　　　　　　　　/s/ Charles A. Shaw
　　　　　　　　　　　　　　　　**CHARLES A. SHAW**
　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

Dated this  1st  day of April, 2010.